# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RAYVELL VANN,

       Movant,

vs.                                                                         No. CV 21-00066 PJK/SMV
                                                                   No. CR 12-00966 PJK

UNITED STATES OF AMERICA,

       Respondent.

## MEMORANDUM OPINION AND ORDER
## DISMISSING MOVANT'S SIXTH § 2255 MOTION

Before the Court is the handwritten motion filed by Movant Rayvell Vann (Civil ECF No. 1; Criminal ECF No. 326), which the court construes as a sixth request to vacate or correct his sentence under 28 U.S.C. § 2255. Mr. Vann claims the written judgment and commitment does not match the oral sentence.

After a jury trial, Mr. Vann was convicted of two counts of possession of a controlled substance with intent to distribute. See Judgment (Criminal ECF No. 227). The Tenth Circuit affirmed after considering his challenges to the convictions and sentence. United States v. Vann, 776 F.3d 746 (10th Cir. 2015). Mr. Vann then filed a 28 U.S.C. § 2255 motion to vacate or correct his sentence on the theory that his trial counsel rendered ineffective assistance. See Motion to Vacate, Vann v. United States, No. 1:16-cv-01204-PJK-KRS (ECF No. 2). This court denied the motion. See Amended

Order, Vann v. United States, No. 1:16-cv-01204-PJK-KRS (ECF No. 20).  Mr. Vann then sought a certificate of appealability (COA) from the Tenth Circuit, but the request was denied.  United States v. Vann, 715 F. App'x 865 (10th Cir. 2018).

Proceeding pro se, Mr. Vann filed a second § 2255 motion on January 25, 2019.  Vann v. United States, No. 1:19-cv-00074-PJK-GJF (ECF No. 1).  He challenged his sentence based on alleged due process violations.  Id.  This court dismissed the successive motion for lack of jurisdiction, as Mr. Vann did not obtain the required authorization from the Tenth Circuit.  See Order Dismissing Second § 2255 Motion, Vann v. United States, No. 1:19-cv-00074-PJK-GJF (ECF No. 3).  A few months later, Mr. Vann filed a third motion.  See Handwritten Motion, Vann v. United States, No. 1:19-cv-00421-PJK-KBM (ECF No. 1).  He argued the enhanced penalty for a prior drug conviction, 21 U.S.C. § 851, was improper because his civil rights had since been fully restored.  Id.  The court construed the filing as a successive § 2255 motion and again dismissed the matter for lack of jurisdiction.  See Order Dismissing Third § 2255 Motion, Vann v. United States, No. 1:19-cv-00421-PJK-KBM (ECF No. 3).  Mr. Vann then filed a fourth motion alleging his enhanced penalty violates United States Supreme Court law.  See Motion to Reduce Sentence, Vann v. United States, No. 1:19-cv-00809-PJK-KBM (ECF No. 1).  This court again dismissed the matter as a successive § 2255 motion.  See Order Dismissing Fourth § 2255 Motion, Vann v. United States, No. 1:19-cv-00809-PJK-KBM (ECF No. 7). Mr. Vann then filed three additional motions: first challenging the federal sentencing enhancement on the grounds that predicate Nebraska conviction does not qualify as a controlled substance offense; second asserting his actual innocence of the

21 U.S.C. § 851 enhancement based on Supreme Court precedent; and third arguing that counsel was ineffective for failing to challenge the § 851 enhancement. See Motion to Reduce Sentence, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 314); Motion for Actual Innocence, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 316); Motion to Vacate, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 318). The court construed the three motions as a fifth successive § 2255 motion and dismissed. See Order Dismissing Fifth § 2255 Motion, Vann v. United States, No. 1:19-cr-00966-PJK-SMV (ECF No. 322).

On January 25, 2021, Mr. Vann filed another motion that challenges his sentence as being inconsistent with the § 851 enhancement that was applied to his sentence. See Motion to Vacate, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 326).

As previously explained, district courts lack jurisdiction to address the merits of a successive § 2255 claim until the Tenth Circuit has granted the required authorization. Where, as here, the motion is filed without authorization, the court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Relevant factors include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

Id. at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is

3

not in the interest of justice to transfer the matter . . . ." Id. at 1252.  To be meritorious, a second or successive claim must be based on a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence establishing innocence.  28 U.S.C. § 2244(b)(2).

Applying Cline, the court determines a transfer is not in the interest of justice. The instant motions do not cite a new rule of constitutional law, made retroactive on collateral review within the last year.  28 U.S.C. §§ 2244(b)(2), 2255(f).  The record contains no new information.

Mr. Vann's argument is also meritless as the sentencing minute sheet, Sentencing Minute Sheet, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 224), the Judgment and Commitment, Judgment and Commitment, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 227), and the oral sentencing ruling, Transcript of Sentencing, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 260), at 35–36, are all consistent.  All indicate a sentence term of 180 months as to count one and 12 months as to count two, with the sentences to run concurrently.  The sentencing minutes also incorporate the sentencing minute sheet.  Clerk's Minutes, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 225).

Further, his sentence is consistent with the § 851 enhancement.  The § 851 enhancement only establishes a statutory minimum sentence of ten years when applied to a § 841(b)(1)(B) conviction.  21 U.S.C. 841(b)(1)(B).  The guidelines range for Mr. Vann was 234 to 293 months, but the court varied downward for a sentence of 180 months. Therefore, the statutory minimum sentence was not applied.

Accordingly, the court will dismiss the sixth § 2255 proceeding for lack of jurisdiction (Civil ECF No. 1; Criminal ECF No. 326).

NOW, THEREFORE, IT IS ORDERED that Movant Rayvell Vann's 28 U.S.C. § 2255 motion (Civil ECF No. 1; Criminal ECF No. 326) is dismissed without prejudice for lack of jurisdiction and a certificate of appealability is denied.

DATED this 11th day of February 2021, at Santa Fe, New Mexico.

Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation